*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIE A. MORGAN,

Plaintiff-Appellant,

v

ALICIA MORGAN,

Defendant-Appellee.

UNPUBLISHED
July 17, 2026
11:49 AM

No. 374964
Oakland Circuit Court
LC No. 2024-211391-NZ

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing his complaint, which alleged that defendant engaged in fraud, for lack of service. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff filed a complaint against defendant on December 9, 2024, alleging that in May of 2021 defendant stole a cashier's check made out solely to plaintiff in the amount of $39,350. The complaint alleged that at the time the check was allegedly stolen, plaintiff was planning to move out of the marital home and separate from defendant. Plaintiff received the cashier's check to obtain other housing. However, before plaintiff could use the cashier's check to secure housing, defendant stole the check, deposited it in their joint bank account, and immediately withdrew $10,000. Defendant ultimately "withdrew eveything [sic] except $18,338.00 behind [plaintiff's] back." The complaint sought a judgment against defendant for the full value of the cashier's check.

A summons was issued on the day after plaintiff filed the complaint, December 10, 2024, listing plaintiff and defendant as parties to the lawsuit. The summons was set to expire on March 11, 2025. The returned proof of service indicated that process was served on December 19, 2024, by certified mail on plaintiff, "Willie Morgan," not defendant. A certificate of delivery was attached to the proof of service, which indicated that plaintiff mailed process to the address of an attorney who represented defendant in an unrelated matter. The trial court ultimately dismissed the case for lack of service and reasoned as follows:

The present Complaint was filed on December 9, 2024. Contemporaneous with its filing, a Summons for Alicia Morgan was issued. The Summons expired on March 11, 2025. Despite the same, Plaintiff failed to file a Proof of Service demonstrating that service of the Summons and Complaint was effectuated on Defendant. The Court does note that a Proof of Service was filed on December 19, 2024, however, it states that Plaintiff was the party who was served, not Defendant.

MCR 2.102(E)(l) provides (in relevant part):

On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction.

Further, MCR 2.504(E) provides that an action may be dismissed for failure to serve a defendant. Since Plaintiff failed to demonstrate that Defendant was properly served prior to the expiration of the Summons, this matter is DISMISSED.

This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred by dismissing the case for lack of service. We disagree.

Whether the trial court erred by dismissing the case turns on the construction and interpretation of the court rules, which this Court reviews de novo. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000). "De novo review means that we do not extend any deference to the trial court." *In re Ott*, 344 Mich App 723, 735; 2 NW3d 120 (2022) (citation omitted).

"A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process . . . ." *Lawrence M Clarke, Inc v Richco Const, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (quotation marks, citation, and alterations omitted). "[T]he provisions of the court rules related to service of process are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." *Id*. (quotation marks and citation omitted). "On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105." MCR 2.102(A).

Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return

-2-

receipt signed by the defendant must be attached to proof showing service under subrule (A)(2). [MCR 2.105(A)(1)-(2).]

MCR 2.102(E) and (F) discuss dismissal for lack of service and setting dismissal aside, by stating:

(E) Dismissal as to Defendant Not Served.

(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. . . .

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

\* \* \*

(F) Setting Aside Dismissal. A court may set aside the dismissal of the action as to a defendant under subrule (E) only on stipulation of the parties or when all of the following conditions are met:

(1) within the time provided in subrule (D), service of process was in fact made on the dismissed defendant, or the defendant submitted to the court's jurisdiction;

(2) proof of service of process was filed or the failure to file is excused for good cause shown;

(3) the motion to set aside the dismissal was filed within 28 days after notice of the order of dismissal was given, or, if notice of dismissal was not given, the motion was promptly filed after the plaintiff learned of the dismissal.

Here, dismissal was proper for lack of service. The summons issued on December 10, 2024, expired on March 11, 2025. MCR 2.105(A)(1)-(2) required plaintiff to serve process on defendant personally or by registered or certified mail, before the expiration date listed on the summons. However, the returned proof of service indicated that process was served on December 19, 2024, by certified mail on plaintiff, "Willie Morgan," not defendant. Although plaintiff argues that this error was a technical deficiency, the mailing address where service was made was associated with an attorney who represented defendant in an unrelated matter. In other words, plaintiff failed to show that defendant actually received service of process, given that the attorney did not accept service on defendant's behalf. For these reasons, dismissal was proper because plaintiff failed to provide proof of service before the summons expired, and because there was no proof of service plaintiff does not meet the conditions required under MCR 2.102(F) to set aside the dismissal. Additionally, this conclusion is not altered by MCR 2.105(K)(3), which states:

An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

As mentioned, the trial court record does not indicate that defendant was informed of the action timely. The only individual served with process was an attorney who was not representing defendant in this dispute and did not accept service on defendant's behalf. Lastly, defendant did not submit to the court's jurisdiction throughout the course of the proceedings. Therefore, the trial court did not err by dismissing this case.[1]

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[1] The action was dismissed without prejudice under MCR 2.102(E); therefore plaintiff could refile his claim if still within the statute of limitations.